[886 NYS2d 198]

In the Matter of GENARO R. HATHAWAY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 29, 2009

---

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent's resignation from the bar of the State of Connecticut was executed on August 26, 2005. In submitting his resignation from the Connecticut bar, the respondent waived the privilege of applying for readmission to that bar at any time in the future. He acknowledged that he was submitting his resignation and waiver knowingly, voluntarily, and of his own free will. After a hearing before the Honorable Chase Rogers of the Superior Court, Judicial District of Stamford/Norwalk at Stamford on November 1, 2005, the Superior Court accepted the respondent's resignation and waiver and appointed Richard Rafael as trustee, inter alia, to inventory the respondent's files, to take necessary action to protect the interests of the respondent's clients, and to provide an accounting to the court. The court further ordered the respondent to place into the trustee's possession and control all of his files, open and closed, all clients' funds accounts, "IOLTA or otherwise," all office operating accounts, and the keys to the respondent's office; and to make the respondent's office and staff fully available to the trustee to accomplish his duties.

The Grievance Panel for the Judicial District of Stamford/Norwalk found probable cause to believe that the respondent had violated Connecticut Rules of Professional Conduct rule 1.4 (a) and (b), rule 1.8 (h), rule 1.15 (a) and (b), rule 8.3 (a) and rule 8.4 (3) and referred the file to the Statewide Grievance Committee for its determination.

According to the complaint, the respondent represented the complainant in the sale of real property in both his individual capacity and as executor of the Estate of K.F.S. The property sold for $1.3 million on May 24, 2004.

The respondent agreed to hold the Estate's net proceeds of $611,943 in escrow until the Estate established a bank account in New York. Although the complainant requested the funds in late June 2004, the respondent only delivered $111,943 to the Estate's bank account on November 9, 2004. The complainant received the remaining funds from the respondent only after the Estate retained counsel to collect the funds. That sum was not drawn on the respondent's trust account but, rather, from an account maintained by the respondent's friend in the Fairfield County Bank which allegedly had insufficient funds on deposit. Although the bank honored the check, two separate legal proceedings against the Estate were brought by the Bank in courts in Connecticut, which effectively froze the Estate's money and required it to retain an attorney to defend it in the legal proceedings. The respondent agreed to reimburse the Estate for lost interest and corresponding legal expenses conditioned upon the complainant's release of the respondent from all claims, including disciplinary proceedings.

In response to the notice pursuant to 22 NYCRR 691.3 of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee), the respondent submitted a verified statement setting forth each of the three enumerated defenses to the imposition of reciprocal discipline and requested a hearing. The hearing was conducted with the understanding that it was not a proceeding to relitigate the underlying merits of the misconduct.

The essence of the respondent's defenses is that he believed, based on his claims of off-the-record discussions with an assistant disciplinary counsel for the state bar of Connecticut, that his resignation would end matters completely and that it would be as if the subject complaint and the Connecticut proceeding never existed. The respondent maintains that in order to reassure him, the disciplinary counsel indicated that only the resignation would be reported to other jurisdictions. From this, the respondent extrapolated that there could be no reciprocal discipline inasmuch as the underlying complaint had been completely erased. In effect, he analogized his resignation to a decision to retire from a corporation.

The Special Referee accepted the respondent's arguments and found that he had sustained his burden of proof with respect to

all three of the enumerated defenses by a fair preponderance of the credible evidence.

While acknowledging that the respondent had notice of the Connecticut proceedings and an opportunity to be heard, the Special Referee found the respondent's account to be credible and found that misleading information given to him by the representatives of the Connecticut state bar constituted a deprivation of due process.

The respondent originally executed the Connecticut resignation on August 26, 2005. The resignation states that it was submitted knowingly, voluntarily, and of his own free will, with a waiver of counsel. Although the resignation hearing did not take place until November 1, 2005, the respondent apparently failed to take time to familiarize himself with the Connecticut Practice Book or to inquire whether there was another way to resolve the grievance, such as by entering into a stipulation, as he had done with respect to a previous complaint. Even after being made aware at the hearing of the possibility that his resignation could be the basis of a reciprocal disciplinary proceeding, the respondent never expressed a desire to consult with counsel. Nor did he raise his alleged defenses at any time during the resignation hearing. Although the respondent claimed that certain personal matters took priority, he admittedly dealt with a prior grievance via stipulation at a point closer in time to those personal matters while he was still working at an in-house corporate legal position.

The respondent's contentions notwithstanding, there is no evidence of a lack of notice or opportunity to be heard. The Special Referee erred in finding that the respondent had sustained his burden of proof with respect to the first defense.

With respect to the infirmity of proof defense, the Special Referee found there to be no proof of misconduct whatsoever and labeled the proceeding before the Superior Court of Connecticut a "charade." The Grievance Committee argues that this position is belied by the record. At the pre-hearing conference on May 23, 2008, the respondent's counsel made the following statement:

> "But I think it's appropriate for this court to know what the circumstances were to make a final determination. Not to decide whether he did something wrong. We know that he did something wrong. The question is how was it handled. The whole question

of due process really is based upon how the thing is handled."

At the hearing, the respondent acknowledged that there was a shortage of funds in the escrow account for some period of time which was caused by the unauthorized drawing of a check against that account. The respondent's life partner admittedly signed the respondent's name to an escrow check, mistaking it for a personal check, thereby causing the shortfall.

In view of the testimony adduced, it is submitted that the Special Referee also erred in sustaining the infirmity of proof defense. The respondent's insistence that no charges were pending against him when he resigned is disingenous.

The record establishes that the respondent was well aware of the possibility of the imposition of reciprocal discipline after this jurisdiction received notification of his Connecticut resignation, particularly since it also contained a waiver of the privilege of reapplying at any time in the future. The testimony of the respondent and his life partner provide ample support of the misconduct which led to his resignation.

Under these circumstances, we conclude that the imposition of reciprocal discipline would not be unjust and that the Special Referee erred in concluding that the respondent had sustained his burden of proof with respect to that defense. Accordingly, the respondent's cross motion to confirm the Special Referee's report and dismiss the reciprocal proceeding is denied and the Grievance Committee's motion, in effect, to impose reciprocal discipline and cross motion to disaffirm the Special Referee's report and impose such discipline as the Court may deem just and proper are granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respondent has no prior disciplinary history in this jurisdiction. He was previously reprimanded in Connecticut for delay in returning escrow funds, similar to the underlying charges which led to his resignation. The respondent's counsel conceded the existence of professional misconduct. Nevertheless, the record reveals an attempt by the respondent to extricate himself from a Connecticut grievance yet retain full privileges of bar membership in New York. Having chosen to forgo a hearing on those charges and enter a substantive defense in Connecticut, the respondent is now attempting to undo the consequences of his choice. Under the circumstances, the respondent is disbarred in New York on the basis of his Connecticut resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and MILLER, JJ., concur.

Ordered that the petitioner's motion, in effect, to impose reciprocal discipline is granted; and it is further,

Ordered that the respondent's cross motion to confirm the Special Referee's report which sustained all of the respondent's defenses to the imposition of reciprocal discipline is denied; and it is further,

Ordered that the Grievance Committee's cross motion to disaffirm the Special Referee's report and to impose such discipline as this Court deems just and proper is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Genaro R. Hathaway, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Genaro R. Hathaway, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Genaro R. Hathaway, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Genaro R. Hathaway, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).